[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 103)
The motion for summary judgment now before the Court relies on the defense of municipal immunity. For the reasons briefly stated below, the motion must be granted.
The principal plaintiff, Harriet S. Lisnow, claims that on July 5, 1997, she was walking within a play structure on the Village Green of Madison, tripped on a metal cable located within the structure, and was injured as a result. The property on which the play structure is located is owned by the defendant Madison Board of Education ("Board"). On June 30, 1999, she commenced this action by service of process against the Board. Ms. Lisnow's husband, Theodore Lisnow, who claims loss of consortium, is also named as a plaintiff. (Because Mr. Lisnow's claims are entirely derivative, they need not be further discussed for purposes of this decision.) The Board is the sole defendant.
The complaint is in two counts, with Ms. Lisnow's allegations set forth in the first count and Mr. Lisnow's allegations set forth in the second count. The cause of action in the first count is singularly elusive. Paragraph 9 of that count alleges that Ms. Lisnow's injuries "were caused by a breach of statutory duty by the defendant." Paragraph 10 CT Page 11688 subsequently states that Ms. Lisnow sustained injuries "[a]s result of the fall and the carelessness and negligence of the defendants." (There is only one defendant.) The complaint does not allege nuisance.
On September 2, 1999, the Board filed a special defense claiming immunity. On June 20, 2000. the Board filed the motion for summary judgment now before the Court. The motion was argued on September 25, 2000.
At argument, the plaintiffs abandoned the theory of statutory duty alleged in the complaint. In its place, they posited two theories of liability, neither of which is set forth in the complaint with any clarity: negligence in the performance of a proprietary function and nuisance. Although the fact that neither of these theories appear in the complaint is troubling, there is no point under the circumstances in ordering a revision of the complaint. Given the facts submitted to the Court by the parties, it is clear that the plaintiffs cannot recover under either theory they now embrace.
The plaintiffs, as I understand their argument, rely first on Conn. Gen. Stat. § 52-557n(a)(1)(B), which makes a political subdivision liable for "negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit." The functions described in this subsection are all "proprietary" functions, which the common law treated as nongovernmental and thus undeserving of municipal immunity. But the evidence submitted by the parties resoundingly fails to show any trace of "a special corporate profit or pecuniary benefit" here. The play structure was open to the public at no charge. Under these circumstances, it is well established that "a municipality is relieved from liability for injuries resulting from acts done by it in the performance of a public duty, for the public benefit, and not for its own corporate profit." Carta v. City ofNorwalk, 108 Conn. 697, 701, 145 A. 158 (1929).
The plaintiffs additionally rely on Conn. Gen. Stat. §52-557n(a)(1)(C), which imposes municipal liability for "acts of a political subdivision which constitute the creation or participation in the creation of a nuisance." This second claim fares no better than the first. Our Supreme Court has recently reminded us that, "in order to overcome the governmental immunity of municipal defendants . . . the plaintiff must prove that the defendants, by some positive act, intentionally created the conditions alleged to constitute a nuisance."Elliott v. City of Waterbury, 245 Conn. 385, 421, 715 A.2d 27 (1998). There is no evidence of any positive act of creating a nuisance here. The plaintiffs' claim that the Board maintained a nuisance created by another entity does not amount to a positive act of creation. The doctrine of CT Page 11689 municipal immunity plainly applies to the facts at hand.
The motion for summary judgment is granted.
Jon C. Blue Judge of the Superior Court